IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HERBERT JENA | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0731-P |
| | § | |
| WACHOVIA BANK | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Herbert Jena, a federal prisoner, against Wachovia Bank ("Wachovia"), for breach of contract, rescission, breach of fiduciary duty, negligence, fraud, and conspiracy to commit fraud. On April 8, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 9, 2011 and June 29, 2011. He also filed an amended complaint on May 26, 2011.[1] After reviewing the pleadings and plaintiff's

---

[1] Plaintiff originally sued Wachovia and seven unnamed employees. However, Wachovia is the only defendant named by plaintiff in his amended complaint.

interrogatory answers, the court determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In November 2005, plaintiff opened a number of business bank accounts at the Wachovia branch office in Addison, Texas. According to plaintiff, bank representatives made certain assurances and representations to him in order to procure his business. (*See* Plf. Am. Compl. at 3-4). In February 2007, the bank notified plaintiff that a "suspicious check," possibly a forgery, had been presented for payment on one of his accounts. (*Id.* at 4). Plaintiff asked the bank to conduct an investigation of all prior checks tendered for payment to determine the identity of the forger. (*Id.*). After conducting its investigation, the bank urged plaintiff to add his manager, Kudzai Mangoma, as a signatory on the accounts. (*Id.* at 4-5). Plaintiff agreed to the request. (*Id.* at 5). Between February 2007 and June 2007, Mangoma allegedly misappropriated more than $140,000 from plaintiff's bank accounts. (*Id.* at 5-6, 11-12; Mag. J. First Interrog. #1(b)).[2] Plaintiff now seeks more than $700,000 in damages from Wachovia under various theories of recovery, including breach of contract, breach of fiduciary duty, negligence, and fraud. (*Id.* at 7-13).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

---

[2] Plaintiff is currently serving a 180-month prison sentence for obstruction of justice and conspiracy to defraud the United States in connection with the activities of Mangoma.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

As best the court understands his breach of contract claim, plaintiff appears to allege that Wachovia cashed numerous forged checks without carefully examining the signatures and comparing those signatures to the signature card in violation of its deposit agreement, (*see* Plf. Am. Compl., Exh. A), and various oral contracts between the parties. Under Texas law, the elements of a valid contract are: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) consent to the terms of the contract by each party; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Prime Prods, Inc. V. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App. -- Houston [1st Dist.] 2002, pet. denied). These elements are the same for both written and oral contracts. *See Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555 (Tex. App. -- Houston [14th Dist.] 2002, no pet.) To prove breach of contract, a plaintiff must show: (1) the existence of a valid

contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach. *See Case Corp. v. Hi-Class Business Systems of America*, 184 S.W.3d 760, 769 (Tex. App.--Dallas 2005, pet. denied). A breach occurs when a party fails to perform an act that it has expressly or impliedly promised to perform. *Id.* at 769-70.

Here, plaintiff fails to allege any facts to support a claim for breach of contract. Nothing in the deposit agreement requires the bank to examine the signatures on checks presented for payment and to compare those signatures to the signature card signed by the customer. To the contrary, the agreement states that "we process checks and other items by automated means and *do not visually examine or verify signatures on all checks or other items.*" (Plf. Am. Compl., Ex. A at 6) (emphasis added). The deposit agreement further provides that "[t]his agreement and the documents to which it refers constitute your and our entire agreement and understanding and supercede all prior agreements and understandings. *This Agreement may not be changed orally.*" (*Id.*, Exh. A at 11) (emphasis added). In view of this unambiguous language, there is no breach of any written or oral contract as alleged by plaintiff.

C.

Nor can plaintiff prevail on his breach of fiduciary duty and negligence claims. The relationship between a bank and its customers is generally not fiduciary in nature. *See Davis v. West*, 317 S.W.3d 301 (Tex. App. -- Houston [1st Dist.] 2009, no pet.). Plaintiff's negligence claim, which is based on conduct that occurred in 2007, is barred by the two-year statute of limitations applicable to tort claims in Texas. *See Welk v. Simpkins*, No. 4-09-CV-0456-A, 2010 WL 883000 at *4 (N.D. Tex. Mar. 10, 2010), *aff'd*, 402 Fed.Appx. 15, 2010 WL 4560015 (5th Cir. Nov. 8, 2010), *citing* TEX.

CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2005). These claims should be summarily dismissed.

D.

That leaves plaintiff's claims for fraud and conspiracy to commit fraud. The essential elements of fraud are a "material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998), *quoting Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994). Under the heightened pleading requirements of Rule 9(b), "a party must state with particularity the circumstances constituting fraud[.]" FED. R. CIV. P. 9(b). The Fifth Circuit has interpreted this rule strictly, requiring a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008), *quoting Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Put simply, "Rule 9(b) requires the complaint to set forth the 'who, what, when, where, and how' of the events at issue." *Id.*

Not only has plaintiff failed to allege either the time and place of alleged fraudulent statements or the alleged speakers, but he has failed to allege specific facts that would support an inference of fraudulent intent. Instead, plaintiff generally contends that Wachovia committed fraud by: (1) inducing him to sign the signature cards, deposit agreement, and other bank forms without adequately explaining the documents; (2) persuading him to add Mangoma as a signatory on his accounts; (3) falsely representing that the bank would examine the signatures on suspicious checks presented for payment and compare those signatures to the signature card signed by the customer;

(4) refusing to reimburse plaintiff for his reported losses; and (5) misrepresenting that the bank would immediately produce copies of cancelled checks. (*See* Plf. Am. Compl. at 12-13; Mag. J. Sec. Interrog. #3). These general allegations, unsupported by specific facts, do not meet the heightened pleading requirements of Rule 9(b).[3]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] To the extent plaintiff seeks rescission of his contract with Wachovia, (*see* Plf. Am. Compl. at 7-8), such equitable relief is not available absent evidence of fraud or mistake, or proof that monetary damages for a breach of contract are an inadequate remedy. *See Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 886 (Tex. App. -- Austin 1989, writ denied). Because plaintiff has failed to state a claim for either fraud or breach of contract, he is not entitled to rescission.

DATED: July 22, 2011.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JEFF KAPLAN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE