IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT JENA | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 3:11-CV-0731-P |
| | § | |
| WACHOVIA BANK | § | |
| | § | |
| Defendant. | § | |

## ORDER

This is a *pro se* civil action brought by Herbert Jena, a federal prisoner, against Wachovia

Bank ("Wachovia") for breach of contract, rescission, breach of fiduciary duty, negligence, fraud,

and conspiracy to commit fraud. The case was referred to a magistrate judge who issued his

Findings and Recommendation on July 22, 2011. Plaintiff filed Objections to the magistrate

judge's report on August 12, 2011. The magistrate judge recommended dismissal of all of

plaintiff's claims.

With respect to his breach of contract claims, Jena claims that the bank breached oral

promises made to him when he opened his accounts that the bank would verify signatures on

checks presented for payment. The magistrate judge found that nothing in the deposit agreement

required the bank to examine the signature on checks presented for payment and to compare

those signatures to the signature card signed by plaintiff. The magistrate judge further noted that

the deposit agreement provides that the agreement "may not be changed orally." Jena notes two

provisions in the agreement stating the bank can change certain provisions in the agreement.

Page 1

However, one of those provisions provides that changes will be made only after notice to the customer and neither provision alters the provision stating that the agreement may not be changed orally. Plaintiff's objections to the magistrate judge's report recommending dismissal of the breach of contract claims are overruled.

Plaintiff agrees that the statute of limitations for negligence claims is two years but submits evidence attempting to show his relationship with the bank created a fiduciary relationship. However, plaintiff's allegations and the evidence he submits are not sufficient to show the creation of a special relationship between plaintiff and Wachovia. Plaintiff further states he is not abandoning his claims of the bank's bad faith, lack of ordinary and due care, fraud, fraudulent acts and/or omissions, duty of care, breach of contract, due diligence, misadvise, bank fraud and failure to act or report fraud. (Obj. 10). However, these claims are based on alleged oral promises made by the bank. As noted above, these claims are not proper to the extent plaintiff is attempting to hold the bank to duties created by alleged oral promises and not specified in the deposit agreement. Plaintiff's claims for negligence and breach of fiduciary duty are dismissed.

The magistrate judge determined that plaintiff's fraud claims are not supported by sufficient factual specifics to meet the heightened requirements of Rule 9(b). Plaintiff responds by referring to new evidence submitted with his objections. Plaintiff alleges a conspiracy between Mangoma and someone within Wachovia to defraud him.[1] (Obj. 13). Jena maintains

---

[1] Jena was convicted by a jury on April 15, 2010 of one count of conspiracy to defraud the United States and one count of obstruction of justice. The jury was unable to reach a verdict on six counts of aiding and abetting fraud and false statements on income tax returns and 18 counts of bank fraud. Jena was sentenced to 15 years in prison followed by 3 years of supervised release. The case was tried before the undersigned and is currently on appeal. At sentencing, the court determined the intended loss amount was approximately $2.5 million. The IRS reported losses of over $700,000. The charges stemmed from tax preparation businesses Jena owned, including

that discovery will uncover more facts about the conspiracy. However, apart from conclusory assertions, plaintiff offers no facts in support of this alleged conspiracy. The facts offered by plaintiff in support of his fraud claims are largely the oral promises he alleges with respect to his breach of contract claim. Jena alleges that in February 2007, Wachovia contacted him regarding a suspicious check. Jena alleges he requested the bank to fully investigate the incident as well as all previous checks tendered for payment through his accounts. He alleges the bank promised to do so and to give him ongoing reports on the progress of the investigation. (Answers to Magistrate Judge's Second Questionnaire 3). However, by February 2007, the IRS was investigating Jena for the preparation of false income tax returns through several of his businesses, including Montford Tax Service. The IRS was by that time obtaining information regarding Jena's bank accounts from Wachovia. It is not likely Wachovia would tell Jena it would notify him of the ongoing IRS investigation. In April 2007, Jena became aware the IRS was investigating him and his tax preparation businesses, including Montford. Jena informed his attorneys that he had documents that could support the legitimacy of his businesses and show he did not engage in fraudulent conduct. These documents were ultimately turned over to the government and were later determined to have been altered and prepared after the fact at Jena's directions. This was the basis of Jena's obstruction of justice conviction. The court agrees with the magistrate judge that Jena's allegations regarding fraud are sufficient to support his claims. Jena's objections are overruled and his fraud claims are dismissed.

---

Montford Tax Service, whom Jena alleges was the intended victim of the fraud between Mangoma and Wachovia in this suit. At trial, Jena testified that Mangoma, a business partner, was the real perpetrator of the fraudulent scheme alleged against him by the government. The jury did not believe Jena's story and convicted Jena. At sentencing, the court found that Jena committed perjury during his testimony and assessed a 2 level enhancement for obstruction.

The court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge and overrules all of plaintiff's objections.  Because Jena has already been provided the opportunity to amend his complaint and provide additional information through his answers to the Magistrate Judge's Questionnaire and the new evidence he submits with his objections, he is not entitled to further amendments.  Jena's claims are dismissed with prejudice.

Signed this _3rd_ day of November 2011.


Jorge A. Solis
United States District Judge